## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Bell, a/k/a Johnson

April 15, 1994

Case No. CF940046

By JUDGE ALFRED D. SWERSKY

This matter is before the Court for decision on the merits after a stipulation of facts, argument of counsel, and the filing of memoranda.

Defendant is charged with a violation of Code of Virginia § 18.2-58.1, the "carjacking" statute. The parties have stipulated the facts, and the Court finds that they are sufficient to find the Defendant guilty as charged in the indictment.

The statute defines "carjacking" in pertinent part as:

> the intentional seizure or seizure of control of a motor vehicle of another with the intent to permanently or temporarily deprive another in possession or control of the vehicle of that possession or control by means of . . . .

Because the facts established that the taking of the keys from the victim did not occur in the immediate vicinity of the car, the Defendant argues that no violation of the statute has occurred. The Court finds that the keys were taken from the victim by the means of violence and that the Defendant intended to deprive her of possession or control either permanently or temporarily. Thus, the only issue is, in view of where the taking of the keys occurred, whether or not the statute has been violated.

The distance from victim's car to her house is not stipulated with precision, but it is agreed that the car was parked on the end of the corner of Church and South Columbus Streets and that the victim walked "two or three houses up towards her townhouse and turned left to go up to her door. Her townhouse was located on South Columbus Street on the same block where she parked her car."

The statute in question is not limited in its application in any way in terms of space or time. In fact, the addition of the word "control" expands the reach of the statute beyond the normal conception of "possession." The victim here was in "control" of her car while she had the keys. This "control" need not be exclusive as to the rest of the world but only as to the Defendant. When Defendant approached her and demanded her keys and then grabbed them from her, he seized control of the motor vehicle from her. Having done so with the intent to deprive her of her control, as evidenced by his driving away in her car, the crime was completed.

If the legislature had intended the statute to be limited to those in actual possession or in close proximity to the vehicle, it could have done so. See, Delaware Code Ann. § 11-222 (where such person is in or within ten feet of such vehicle); D.C. 1993 Sessions Laws, § 10-26 (take from another person immediate actual possession); Article 27, Ann. Code of Maryland (from another individual in actual possession); Ann. California Code, § 8-215 (from his or her person or immediate presence). Virginia has chosen not to place such limitations in its statute.

The legislature intended, therefore, to expand the reach of this statute to cover the factual situation presented here, and the Defendant is found guilty as charged in the indictment.